**Arzelia M. WEBB, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Defendant.**

**Andrew GROZA, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Defendant.**

**Civ. Nos. S–77–335, S–75–752.**

United States District Court,
E. D. California.

April 19, 1979.

Danny D. Hullinger, Sacramento, Cal., for plaintiff in Webb.

Douglas H. Drake, Weber & Drake, Sacramento, Cal., for plaintiff in Groza.

Herman Sillas, U.S. Atty., Malcolm Stuart Segal, Chief Asst. U.S. Atty., Sacramento, Cal., for defendant in both actions.

## OPINION

MacBRIDE, District Judge.

These two actions, although not consolidated, present the identical legal issue for decision, namely, what effect is to be given to objections to proposed findings and rec- ommendations made by a United States Magistrate when the objections are not filed within the 10 day period set forth in 28 U.S.C. § 636(b)(1). That section, part of the Federal Magistrates Act, provides for de novo review of the points to which objection is made when the objections are filed within a 10 day period. Neither the section nor the Act explicitly defines the standard of review applicable when no objections are filed or when objections are untimely. These two actions both come before the court on objections to the proposed findings and recommendations filed by the magistrate, and, in each instance, the objections were not timely filed. Since the same question is presented in both cases, it is appropriate to resolve the matter in a single decision.

The action denominated *Webb v. Califano*, Civ. S–77–335, was filed June 20, 1977, seeking judicial review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 *et seq.* Defendant filed its answer and a copy of the administrative transcript in due course, and the parties filed cross-motions for summary judgment and/or for remand. These motions were referred to Magistrate Esther Mix pursuant to 28 U.S.C. § 631 *et seq.* and Local Rule 305(1)(2).[1] On August 1, 1978, Magistrate Mix filed Proposed Findings and Recommendations in the case; copies of this document were served on the parties on August 4, 1978. On August 18, 1978, plaintiff filed objections to the Proposed Findings and Recommendations. Even if the August 4 starting date is extended by an additional three days as provided under FRCP 6(e),[2] the objections were filed after the expiration of the 10 day period. De-

---

1. Local Rule 305(a)(2) provides that "[a]ll motions made in cases brought under the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare" shall be heard by the magistrate. The only exception occurs when a judge *sua sponte* retains a matter for decision pursuant to Local Rule 305(e).

2. FRCP 6 generally concerns the computation of time periods and motions for alteration of time periods. FRCP 6(e) provides:

   Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

fendant responded to those objections without making any comment on the untimeliness of the filing.

The second of these cases, *Groza v. Califano*, Civ. S–75–752, was filed on November 18, 1975, seeking judicial review of a final decision of the Secretary denying his claim for disability insurance benefits under the Act. After various delays incident to obtaining a full record of all administrative proceedings, motions to dismiss and/or for summary judgment were filed and referred to Magistrate Mix. On June 22, 1978, she filed Proposed Findings and Recommendations in the case; copies of the document were served on the parties the same day. On July 7, 1978, the defendant filed objections to the Proposed Findings and Recommendations. On July 13, 1978, counsel for defendant wrote a letter to the Clerk of the Court explaining that the late filing had been caused by a combination of a delay in the mails and illness. On September 5, 1978, plaintiff filed opposition to the objections, noting that the objections were untimely filed. Plaintiff urged: "Defendant's objections are untimely, indicative of lack of meritorious content, and for this reason alone, the Magistrate's order should be affirmed." As was true in *Webb*, the objections were filed after the expiration of the 10 day period provided in 28 U.S.C. § 636(b)(1), even if an additional three days are added under FRCP 6(e).

In both *Webb* and *Groza*, this court *sua sponte* required the parties to file briefing on the effect of the late filing of the objections and the appropriate standard of review, de novo or other standard, to be applied. That briefing has been filed, and the matter is now before the court for decision.

The governing law in this instance is section 636(b)(1) of the Federal Magistrates Act, 28 U.S.C. § 631 *et seq.* The section is not a model of clarity; it provides in full:

Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this paragraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. A judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Under this section, certain motions and other pretrial matters that have been commonly denominated as "nondispositive" may be referred to the magistrate who is authorized to "hear and determine" those matters. The magistrate's determination is subject to

review, but the district court's reconsideration is appropriate in those instances in which "it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Thus, determinations made by the magistrate under subsection (A), the nondispositive determinations, are self-operative.

In contrast to the subsection (A) decisions, the magistrate is limited to making proposed findings and recommendations when presented with motions under subsection (B), the "dispositive" motions. Motions governed by subsection (B) include motions for dismissal and for summary judgment, that is, motions whose resolution is likely to be dispositive of the case. The motions referred to the magistrate in the instant actions are dispositive motions under subsection (B). The magistrate's action under this subsection is not self-operative. Instead, the magistrate submits proposed findings and recommendations "for the disposition, *by a judge* of the court, of any [of the dispositive motions] excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B). Since the actual disposition of the matter may be effected only by the judge, there must necessarily be some measure of review by the court over the proposed findings and recommendations of the magistrate whether or not objections to the magistrate's proposed disposition are filed.

Although the Federal Magistrates Act and the cases construing it offer no guidance as to the standard of review to be applied when objections to dispositive motions are not timely filed, the Act and the cases do set forth the nature of the court's obligation in two circumstances. The first of these arises when the objections are timely filed, and the Act sets forth the standard of review. The second situation arises when no objections are filed; the cases set forth the minimum standard.

■ On the one hand, the section provides that, when objections are filed within the 10 day period, "a judge of the court *shall* make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). Under these circumstances, the court is under a mandatory obligation to make a de novo review, given the statute's use of the term "shall." On the other hand, even when no objections at all are filed, the court remains under a duty to review the magistrate's proposals because those proposals are not self-operative. The nature of that review will vary with the circumstances, and the court has the discretion to determine the extent to which it will review the matter. At least a minimal review is necessary because only a court order can put the proposals into effect.

■ Most of the cases that have discussed the necessity for district court review have arisen when dissatisfied parties have sought to appeal directly from the magistrate's action to the circuit courts. The circuit courts have been unanimous that they lack jurisdiction over such appeals in the absence of an intervening review by the district court. Thus, in *Small v. Olympic Prefabricators, Inc.*, 588 F.2d 287 (9th Cir. 1978), the court declared "the district court must first review the proceedings of a civil trial conducted before the magistrate before it can enter final judgment." *Id.* at 292, *citing Kendall v. Davis*, 569 F.2d 1330 (5th Cir. 1978) (same rule stated); *accord, Horton v. State Street Bank & Trust Co.*, 590 F.2d 403 (1st Cir. 1979); *Cason v. Owen*, 578 F.2d 572 (5th Cir. 1978). In a similar case in the Seventh Circuit, the parties have stipulated that the magistrate would conduct all the proceedings including the trial and the entry of final judgment, and the district court had so ordered. When the magistrate dismissed the action for failure to state a claim and entered judgment, the appeal followed. The Seventh Circuit dismissed the appeal, holding that an appeal may not be taken to the circuit courts directly from a decision of the magistrate. The court declared:

It was not intended that the magistrate would have the power to hear and determine dispositive motions. It was only intended that a judge could assign a dispositive motion to a magistrate for hear-

ing and submission of proposed findings and recommendation to the judge for ultimate disposition. The adjudicatory power over dispositive motions was to be exercised only by the judge, but it could be with the assistance and upon the recommendation of the magistrate.

*Taylor v. Oxford*, 575 F.2d 152, 154 (7th Cir. 1978). The Second Circuit held in a virtually identical situation:

> District court review after a trial before a magistrate or master is not a meaningless exercise. Rather, the procedure comports with the fundamental congressional purpose underlying the Magistrates Act—to *aid* the courts in their ultimate decision-making function. Subjecting the acts of magistrates and masters to district court scrutiny also avoids possible constitutional infirmities.

*Sick v. City of Buffalo*, 574 F.2d 689, 692–93 (2d Cir. 1978) (footnotes omitted). The same rule applies outside the context of a civil trial. Thus, the Tenth Circuit recently joined other circuits in holding that a magistrate's recommendation that an Internal Revenue Service summons be enforced must first be reviewed by the district court prior to appeal to the circuit court. The court found it clear that "district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates." *United States v. First National Bank of Rush Springs*, 576 F.2d 852, 853 (10th Cir. 1978), *joining United States v. Cline*, 566 F.2d 1220 (5th Cir. 1978); *Swanson & Youngsdale, Inc. v. Seagrave Corp.*, 561 F.2d 171 (8th Cir. 1977); *and United States v. Haley*, 541 F.2d 678 (8th Cir. 1974). As all of these cases make clear, the district court has the inherent power to review the magistrate's actions and proposals, *Bruno v. Hamilton*, 521 F.2d 114 (8th Cir. 1978), and, in addition to the power, the district court has an obligation to undertake such a review.

▮ Although these cases agree that the district court must review the magistrate's proposals, none of the cases discusses the extent of that review when the parties have not filed objections. The reason for that lack of specificity is that no single standard of review would be appropriate for all instances. The district court might vary the extent of review depending on the expertise a magistrate had developed in prior similar matters, the frequency with which the magistrate had considered similar matters, the quality of prior proposed findings and recommendations made by the magistrate, the depth of the magistrate's work in the particular case as demonstrated by the proposed findings, and other factors which would depend on the particular magistrate and the particular reviewing judge. The Supreme Court's discussion in *Mathews v. Weber*, 423 U.S. 261, 269–70, 96 S.Ct. 549, 553–54, 46 L.Ed.2d 483, 491–92 (1976), is valuable in understanding the intended relationship between the district court and the magistrate, although that decision is not relevant to the particular point before this court because it was rendered prior to the most recent revision of the Act. The Court stressed that the "authority for making final decisions remains at all times with the district judge," and held:

> The magistrate may do no more than propose a recommendation, and neither the § 636(b) nor the General Order [of reference] gives such recommendation presumptive weight. The district judge is free to follow it or wholly to ignore it, or, if not satisfied, he may conduct the review in whole or in part anew. The authority—and the responsibility—to make an informed, final determination, we emphasize, remains with the judge.

In response to the defendant's argument that the district court would automatically accept the recommendations of the magistrate, the Court declared: "We categorically reject the suggestion that judges will accept, uncritically, recommendations of magistrates." *Id.* 423 U.S. at 274, 96 S.Ct. at 556, 46 L.Ed.2d at 493, *followed in Gray v. Califano*, 448 F.Supp. 1142, 1146 (S.D.Cal. 1978); *see Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974); *Health Corp. v. New Jersey Dental Ass'n*, 77 F.R.D. 488 (D.N.J. 1978).

■ To summarize, the district court must give a de novo review when timely objections are filed, and the court may give whatever review it deems appropriate, in its discretion, when no objections are filed. In the latter instance, the only option forbidden the court is to give no review whatever. The question that remains, then, is whether late filed objections are sufficient, notwithstanding their untimeliness, to impose the obligation of de novo review on the court or whether the mandatory de novo review procedure can be invoked only by timely objections. The plaintiff in *Groza*, who wishes to protect a favorable recommendation by the magistrate, urges: "Sans objections, the Judge may accept the proposed findings and recommendations as correct. It is only upon objection that a de novo determination is within his realm of authority, although discretionary." He argues that this court should reject the untimely objections and enter judgment in his favor based on the magistrate's recommendations. This argument is based on the assumption that, without objections being filed, the court is precluded from reversing or modifying the magistrate's proposals. The law does not support that position. As the cases make clear, the ultimate decision making power rests with the court. The power would be chimerical if the court could not reject the magistrate's proposals in the absence of objections. In contrast to the *Groza* plaintiff, the plaintiff in *Webb* urges that the court should hear her objections and reverse the magistrate's unfavorable recommendation, but she does not discuss the applicable standard of review. Finally, the defendant-Secretary contends in both cases that the 10 day requirement should be deemed waivable and that "it is entirely proper for the court to consider the extenuating circumstances which caused the Secretary's late filing here and . . . to consider the objections as properly before the court." The Secretary states:

> whether the Secretary's objections are deemed acceptable as objections or not, it is well within the court's authority to treat them as properly before the court as supplemental memoranda. . . . It is

desirable that the court consider the Secretary's objections so that the government is not placed in a position where an appeal is the only means of raising a particular issue. In the interest of judicial efficiency, all issues should be fully explored before the court renders a decision. To have a mail delay result in foreclosing an issue from the court's consideration does a significant injustice to the parties involved.

Although the references to the Secretary's late filed objections are applicable only to the *Groza* case, the same brief was filed in *Webb* with an explanation that the same rule should govern. The Secretary concludes by arguing that the 10 day requirement is merely "a time frame which can be extended" by the court when the interests of justice require. These arguments do support the use of late filed objections as supplemental memoranda that might focus the court's attention to particular areas of concern, but they do not support a mandatory de novo review procedure. If the court is convinced of the need to review de novo upon consideration of the late filed objections, then such a review is in the court's power. If the late filed objections are not substantial, then they should not be permitted to demand that the court review de novo an issue to which the court would not accord that measure of review in the absence of objections.

It is the judgment of this court that the mandatory de novo review procedure applies only when objections are timely filed. Any other result would dilute to ineffectiveness the 10 day filing requirement. Although no cases could be found stating this rule, it is most consistent with the policies of the Act, with the relationship between court and magistrate, and with the analogous authority discussed above. De novo review requires an expenditure of considerable judicial time and effort. As a practical matter, if the percentage of cases requiring de novo review is high enough, the use of the magistrate becomes counterproductive because of the delay inherent in the referral process and the fact that de novo review

moots all or most of the time expended by the magistrate. As the Act provides, the parties may, in effect, demand a de novo review by timely filed objections, even when the court would not have given such a review in the absence of objections. When no objections are timely filed, however, it is appropriate that the court, not the parties, should select the level of review to be given in the case. In some circumstances, the court may choose to make a de novo review of portions or all of the matter; that discretion is inherent in the fact that the ultimate decision making power remains with the court. When objections have been filed late, they may be considered as part of the court's review. Thus, late filed objections may focus the court's attention to a particular issue or area of examination; in so doing, the objections may cause the court to review de novo because of questions they raise as to the propriety of the magistrate's proposed findings or recommendations. The decision, however, should rest with the court. Having failed to object within the time provided, the parties cannot mandate a de novo review; they may only suggest it.

Accordingly, this court holds that the failure of the plaintiff in *Webb* and the defendant in *Groza* to file timely objections to the proposed findings and recommendations has the result that this court is not under a mandatory obligation to review those proposals de novo. This court will review those proposals to the extent that it deems appropriate, giving consideration to the objections insofar as they may focus on issues worthy of particular examination. It is not appropriate to reach the merits of the two cases because they involve very different questions of law and fact. Decisions on the merits will follow the filing of this decision.

IT IS SO ORDERED.