Corinna **GONZALES**, Plaintiff,

v.

**Patricia Roberts HARRIS**, Defendant.

**Vera CHAMBERS**, Plaintiff,

v.

**MADERA GLASS COMPANY, INC.**, Defendant.

Nos. CV F 79–215–EDP, CV F 80–119–EDP.

United States District Court, E. D. California.

May 13, 1981.

Michael J. Seng, Blumberg, Sherr & Kerkorian, Fresno, Cal., for plaintiff Corinna Gonzales.

William B. Shubb, U. S. Atty., Mio D. Quatraro, Asst. U. S. Atty., Fresno, Cal., for defendant Harris, HEW.

Mary Louise Frampton, Olmas & Frampton, Fresno, Cal., for plaintiff Vera Chambers.

Jan M. Biggs, Stammer, McKnight, Barnum & Bailey, Fresno, Cal., for defendant Madera Glass.

PRICE, District Judge.

These cases were ordered consolidated for oral argument so that the court could consider the following portion of 28 U.S.C. § 636(b)(1):[1]

"(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings

---

1. Unless otherwise noted, all references to code sections will be to 28 U.S.C. § 636(b)(1), or parts thereof.

of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement. (C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

### Procedural History

In *Gonzales v. Harris*, CV F 79–215–EDP, hereinafter referred to as *Gonzales*, the magistrate's recommendation, pursuant to § 636(b)(1)(B), that summary judgment be awarded to plaintiff was dated and filed on October 21, 1980. On the same date, pursuant to 28 U.S.C. § 636(b)(1)(C), a copy of this recommendation was mailed to the respective parties by the Clerk of the Court which notice contained the following admonition: "Under the above section, you have ten (10) days from date of service of the enclosed copy within which to file written objections to the Magistrate's recommendation." On November 4, 1980, the defendant filed objections to the magistrate's recommendation.

In *Chambers v. Madera Glass*, CV F 80–119–EDP, hereinafter referred to as *Chambers*, the magistrate's recommendations, again pursuant to § 636(b)(1)(B), were filed in the Clerk's office on November 5, 1980.

Copies were mailed by the Clerk with the same admonition. Pursuant to a stipulation entered into by the parties, the Magistrate, on November 14, 1980, extended the defendant's time to object to his proposed Findings and Recommendations "through and including November 21, 1980." This stipulation and order was entered into pursuant to the authority granted to the magistrate under Local Rule 302.

The court ordered the cases consolidated and ordered that the parties brief the following issue:

1. Is the 10-day period specified in 28 U.S.C. § 636(b)(1) jurisdictional? (See suggestion in *United States v. Barney*, 568 F.2d 134, at 136, headnote 6 (9th Cir. 1978)).

2. Does the court have the discretion to enlarge the statutory period referred to in 1, *supra*? If application for such enlargement is not made within the 10-day period, does the court lose its "power" to extend the 10-day period? (See suggestion in footnote in *Terrell Oil Corp. v. Atlantic Richfield Co.*, 468 F.Supp. 860, at page 862 (D.C. Tenn.)).

3. Does the failure to file objections within the 10-day period merely have the effect of freeing the district court of its mandatory obligation of making a "de novo determination of those portions ... to which objection is made." (See *Webb v. Califano*, 468 F.Supp. 825 (D.C.Cal.); but compare *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 5th Cir.)

The critical language to be considered here is the following portion of § 636:

"Within 10 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."

### Court Rules of General Application

The only rules pertaining to the activities of a United States Magistrate that have nationwide application are the rules of procedure for the trial of minor offenses before

a United States Magistrate.[2]  Clearly, the only appeal in such an action is to a judge of a district court.  Such appeal "shall be taken within 10 days after entry of judgment."  Although the time limits here are the same as provided in § 636(b)(1), these rules are clearly not applicable to the instant situation.

### Local Rules of Court

There are two rules of Local Practice referring to a review of a magistrate's ruling contained in the Local Rules of Practice of the Eastern District of California.

Rule 301 refers to the procedure to be used in an appeal from a magistrate's ruling pursuant to subparagraph (A) of § 636(b)(1).  This subsection is not applicable here simply because both of these cases were motions for summary judgment.  Since the motions are dispositive in nature, § 636(b)(1)(B) and (C) apply.

The plain meaning of the applicable language of § 636 would appear to be as follows:

1.  The aggrieved party may, *if he wishes*, file objections to the proposed findings or recommendations of the magistrate.

2.  If he does object, however, he *must* file within 10 days.

3.  A district court, by local rules, may specify the contents of the filing, may make provision for the enlargement of the time to file, may deal with such other procedural matters as might be pertinent to the proceedings after objections are filed.

Neither our research nor that of counsel has discovered any case which deals squarely with what are the rights of a party who does not timely file its objections within the 10-day period, or, alternately, within the period specified by the Local Rules.

### Discussion

The problem was alluded to in *United States v. Barney*, 568 F.2d 134 (9th Cir. 1978).  Barney was a post-conviction appeal in a criminal action.  Prior to the trial, the magistrate had heard Barney's Motion to Suppress Evidence and recommended denial pursuant to § 636(b)(1)(B).  Apparently, because of the early date of the defendant's upcoming jury trial, the district court allowed defendant *less* than 10 days to file his objections to the magistrate's recommendation.  This order was one of defendant's bases for appeal.  At page 136, the Barney court stated:

"We also reject appellant's suggestion that the trial court erred in allowing appellant less than the full 10-day period provided by 28 U.S.C. § 636(b)(1) to file objections to the magistrate's recommendation that the motion to suppress evidence and the motion to dismiss be denied.  *Ten days is a maximum, not a minimum.*  The court may require a response within a shorter period if exigencies of the calendar require, as they did in this instance.  Appellant did not request additional time to formulate objections to the magistrate's recommendation.  Nor did appellant object to the procedure followed;  indeed, appellant expressly waived any review of the record or the magistrate's ruling, commenting that the hearing before the magistrate had been fair."  (emphasis added)

In *Webb v. Califano*, 468 F.Supp. 825 (E.D.Cal.), Senior Judge MacBride of this District reached essentially the same result as *Barney*.  Although the opinion in that case was particularly directed toward the nature of the review the district court would be obligated to give the magistrate's recommendations, Judge MacBride did note that the principal affect of late filing was that:

"... the mandatory de novo review procedure applies only when objections are timely filed.  Any other result would dilute to ineffectiveness the 10-day filing requirement.  Although no cases could be found stating this rule, it is most consistent with the policies of the Act, with the

---

**2.**  See Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates, and specifically Rule 8.

relationship between the court and magistrate and with the analogous authority discussed above. De novo review requires an expenditure of considerable judicial time and effort. As a practical matter, if the percentage of cases requiring de novo review is high enough, the use of the magistrate becomes counterproductive because of the delay inherent in the referral process and the fact that de novo review moots all or most of the time expended by the magistrate. As the Act provides, the parties may, in effect, demand a de novo review by timely filed objections, even when the court would not have given such a review in the absence of objections. When no objections are timely filed, however, it is appropriate that the court, not the parties, should select the level of review to be given in the case." (*Webb, supra,* at p. 830.)

Judge MacBride did not deal with the overwhelming practical problem a court would confront if the 10-day rule were not strictly enforced. How many days could a defendant be in default and still be entitled to a full *de novo* review? Clearly, efficient judicial administration requires that the "cut-off" be uniformly applied. Congress has given us that "cut-off" in § 636(b)(1)(C).

### The Application of Fed.R.Civ.P. 6(a) and 6(e) to the Timeliness of Filing Objections

In *Webb,* Judge MacBride referred to the possible affect which Fed.R.Civ.P. 6(e) might have upon the statutory 10-day period contained in § 636. He simply noted that even under the period so extended, the filing of objections to the magistrate's recommendation was not timely in the case before him. Since *Webb v. Califano, supra,* was decided, Judge Horton of the Western District of Tennessee decided *Thompson v.*

*Rose,* 505 F.Supp. 183. Judge Horton, in that case, decided that both Fed.R.Civ.P. Rules 6(a) and 6(e) did apply to the instant situation, thus enlarging the time period in which objections could be timely filed.

Finally, although not an issue here, it should be noted that at least two circuits, i.e., the First Circuit in *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, and the Sixth Circuit in *United States v. Walters,* No. 78–3653, are in agreement that one of the effects of failure to file timely objections to a magistrate's recommendation results in the forfeiture of the right of appeal from the district court's judgment.[3]

### The Gonzales Case

In *Gonzales* the government concedes even with the benefit of Fed.R.Civ.P. Rules 6(a) and 6(e), their objections were not timely filed, their filing having occurred one day late. Accordingly, defendant is not entitled to a de novo hearing consideration of the magistrate's recommendations in this case.

### The Chambers Case

In *Chambers,* again applying the Fed.R. Civ.P. Rules 6(a) and 6(e), defendants objections to be timely would have to be filed on or before November 18, 1980. The court notes that on November 13, 1980, the parties stipulated through their counsel that the defendant's time to file objections to the magistrate's recommendations would be extended through and including November 21, 1980. This stipulation was presented to the magistrate pursuant to local rules, and he signed the stipulation on November 14, 1980. The stipulation and order was filed by the Clerk on November 17, 1980, well within the statutory period as extended for filing objections.[4] Hence, the formal objec-

---

3. It is interesting to note that the Sixth Circuit did hear *Walters* appeal, noting that to give their ruling other than prospective effect would, in their opinion, defeat the interests of justice. The judgment of the district court in that case was reversed, and the case remanded for further proceedings.

4. Though the issue is not presented by the facts of either case under consideration here, logic would compel the conclusion that the stipulation to enlarge the time for filing objections to the magistrate's recommended rulings under Local Rules of Practice of the Eastern District of California (or any other local rules of court)

tions which were filed by defendant on November 21, 1980 were timely filed, and the defendants are entitled to a de novo consideration by this court.

Since each of the cases involve disparate fact situations, they will be considered separately, and a separate order filed with regard to each.

must be submitted to the court or magistrate within the time limits applicable to the filing of

objections themselves, as enlarged by Fed.R. Civ.P. 6(a) and 6(e).