EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and Lassen Corp., a Joint Venture known as Hammond Square

v.

MANGEL STORES CORP., Russell, Burdsall & Ward Corp., and Chebro Retailers Corp.

Civ. A. No. 87–0113.

United States District Court, E.D. Louisiana.

June 29, 1988.

Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, J. David Forsyth, T.A., Lisa J. Avery–Peck, Atty., New Orleans, La., for plaintiffs.

Steeg and O'Connor, Moise S. Steeg, Jr., T.A., Stephen Marx, New Orleans, La., for defendants.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the Magistrate's Report and Recommendation. For the following reasons, the Court rejects the Report and Recommendation and holds that plaintiffs are not entitled to attorney's fees in this matter.

This case involves a commercial lease in a shopping center. On January 11, 1987, plaintiffs (landlord) sued defendants (tenant) for an injunction prohibiting the defendants from taking steps to close their leased premises before the end of the lease term in January 1988. On February 19, 1987, on the parties' joint motion and without ruling on the merits of the parties' dispute, the Court entered a Rule 54(b) consent judgment granting a permanent injunction; the judgment specifically reserved the issue of plaintiffs' entitlement to attorney's fees. The Court now addresses this final issue and holds that the parties' lease does not provide for attorney's fees in these circumstances.

## I.

In October 1987, the parties entered into a 10-year lease from February 1978 to January 1988 for certain storespace in the Hammond Square Shopping Center near Hammond, Louisiana. The lease agreement was on a form prepared by plaintiffs.

Plaintiffs allege that defendants violated ¶ 4(q) of the lease, which forbids closeout sales,[1] and were planning to violate ¶ 4(r), which requires continuous operation of the leased premises.[2] In support of these allegations, plaintiffs have submitted an attesting affidavit; defendants have offered no evidence in response, nor did the Magistrate conduct any evidentiary hearing on the allegations. Plaintiffs do not allege (and have produced absolutely no evidence) that defendants were not paying the rent as it became due.

Plaintiffs argue that ¶¶ 4(*l*) and 4(m) provide for the award of attorney's fees in this matter. Paragraph 4(*l*) reads in whole as follows:

[Tenant further covenants and agrees: ...]

(*l*) That if Landlord shall pay any money or incur any expense in connection with any obligation of Tenant in this lease the amount thereof may, at Landlord's option, be considered as rent, payable together with the first installment of rent due after Landlord's demand for payment in accordance with the provisions of this lease, subject to all the provisions of this lease and of law as to default in payment of rent.

Paragraph 4(m) reads in whole as follows:

[Tenant further covenants and agrees: ...]

(m) To pay the agreed rent together with all other sums of money due hereunder, whether under the provisions hereof such other sums may be considered as rent or not, at the times and in the manner herein set forth, without demand or notice, which are hereby waived. It is agreed that the Landlord may proceed to collect any unpaid sums due it under this lease in any lawful manner including, if permitted by State law, distraint, and the Tenant further agrees that, in case of the failure of the said Tenant to pay the rent herein reserved when the same shall be due and it becomes necessary for the Landlord to collect said rent by suit or through an attor-

---

1. The paragraph reads as follows in pertinent part:

    ... Tenant ... will not conduct any auction, fire, bankruptcy or closeout sales, except for a clearance or closeout sale conducted within sixty (60) days of the end of the lease term ....

2. The paragraph reads as follows in pertinent part:

[Tenant further covenants and agrees ...] (r) To occupy the premises promptly after the commencement of the original term of this lease, and thereafter continuously during the term of this lease and any renewal or extension thereof ....

ney, the Tenant will pay the Landlord a reasonable attorney's fee, together with all costs and charges thereof.

Paragraph 9 of the lease states that Louisiana law governs.

The Magistrate agrees with plaintiffs and recommends that they be entitled to recover their attorney's fees in this matter. No written objections, timely or otherwise, have been filed to the Magistrate's Report and Recommendation.

## II.

### A.

The initial issue before the Court is whether a district judge may sua sponte reject a magistrate's recommendation on a dispositive motion, where no objections have been filed. *See* 28 U.S.C. § 636(b)(1)(B); F.R.Civ.P. 72(b); *cf.* 12 C. Wright, A. Miller & F. Elliott, *Federal Practice and Procedure* § 3076.9, at 50 (Supp.1987) ("No provision is made for sua sponte review by the district judge of a magistrate's recommendation").

While the Advisory Committee notes to Rule 72(b) suggest that the Court "need only satisfy itself that there in no clear error on the face of the record in order to accept the recommendation," *id.* (citing *Campbell v. United States District Court for the Northern District of California*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)), the Supreme Court has expressly cautioned against reading this quotation beyond the context of district court review *upon* objections. *See Thomas v. Arn*, 474 U.S. 140, 150–151 n. 9, 106 S.Ct. 466, 473 n. 9, 88 L.Ed.2d 435 (1985).

In the vast majority of cases addressing a district court's review of a magistrate's recommendation to which no timely objections have been raised, the issue does not arise until appeal to a circuit court by the party aggrieved from the district court's adoption of the magistrate's recommendation—the question in these cases has concerned the extent to which the district court, or the circuit court, is *required* to review the magistrate's recommendation.

*E.g., id. See generally* Wright, Miller & Elliott, *supra,* § 3076.9, at 50–52 (describing three general approaches adopted).

Dicta in these cases strongly suggest that, while a district court may not be required sua sponte to review a recommendation, the court certainly has the inherent power to do so, at least absent an express statute or court rule to the contrary. *See also Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir.1975). At least one district court has held that, where no timely objections are filed, "the court may give whatever review it deems appropriate, in its discretion." *Webb v. Califano*, 468 F.Supp. 825, 830 (E.D.Cal.1979).

This Court agrees with *Webb* that the district court may review a magistrate's recommendations, even where no objections are filed. *See also* Wright, Miller & Elliott, *supra,* § 3076.9, at 52 ("the approach in *Webb v. Califano* seems the best reasoned and most in keeping with the legislative purpose in creating the magistrate system"). For it is well-established that "district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates." *United States v. First National Bank of Rush Springs*, 576 F.2d 852, 853 (10th Cir.1978) (per curiam). While timely objections certainly aid the Court in "focus[ing] on issues worthy of particular attention," *Webb*, 468 F.Supp. at 831, the Court ought never afford insufficient review, especially where it finds a magistrate to have been clearly erroneous as a matter of law.

If district court review of magistrates is to be at all meaningful, then the Court must, at the least, reject a magistrate's recommendation that is clearly erroneous on issues of law.

### B.

It is well settled, under Louisiana law, that attorney's fees cannot be recovered unless they are specifically provided for by statute or by contract. *E.g., Marvirazon Compania Naviera, S.A. v. H.J. Baker & Brothers, Inc.*, 674 F.2d 364, 368 (5th Cir.

1982); *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015 (La.1984). Because there is no applicable statute (nor do the plaintiffs or Magistrate suggest otherwise), attorney's fees are available only to the extent specifically provided for in the lease at issue.

It is also well settled, in Louisiana and almost universally elsewhere, that a contract must be construed as a whole in order to determine the true intent of the parties. La.Civ.Code art. 2050; *e.g., Royal St. Louis, Inc. v. United States,* 578 F.2d 1017, 1018 (5th Cir.1978); *Lambert v. Maryland Casualty Co.,* 418 So.2d 553, 559 (La.1982). A court ought, where possible, give effect to every clause in a contract and not adopt an interpretation that unnecessarily "neutralizes" or "treats as surplusage" parts of the contract, for "a court may not impute to the parties the use of language without meaning or effect." *Id.* at 559–60. Further, any doubt on a contract's proper construction that cannot be otherwise resolved must be construed against the person who furnished the text. La.Civ.Code art. 2056; *e.g., Mott v. ODECO,* 577 F.2d 273, 278 (5th Cir.1978), *cert. denied sub nom. Ocean Drilling and Exploration Co. v. Quality Equipment, Inc.,* 440 U.S. 912, 99 S.Ct. 1226, 59 L.Ed.2d 461 (1979); *Kenner Industries v. Sewell Plastics,* 451 So.2d 557, 560 (La.1984).

### III.

■ Plaintiffs assert two interpretations on the lease's provisions for attorney's fees. First, they argue that ¶ 4(*l*), of its own force and independently of ¶ 4(m), permits attorney's fees to be recovered as a form of rent since they are incurred "in connection with" the lease. Alternatively, they must be held to argue that the attorney's fee provision in ¶ 4(m) applies only when rent is not timely paid and otherwise attorney's fees should be considered "other sums of money due hereunder."

Plaintiffs' first argument not only would make the attorney's fee provision in ¶ 4(m) wholly without purpose and effect, but also confuses the purpose of ¶ 4(*l*). Taking into consideration that the leased premises is but a part of larger shopping center (presumably with similar leases from other tenants) and giving effect to the attorney's fee provision in ¶ 4(m), the Court must conclude that ¶ 4(*l*) was intended to apply to expenses that improve, maintain, benefit, or protect the leased premises (e.g., insurance, utilities, security, etc.), not to items that solely benefit the landlord without any direct benefit to the leased premises—specifically, attorney's fees. It is significant that ¶ 4(*l*) suggests nothing about attorney's fees or litigation costs.

Under ¶ 4(m), the landlord may collect rent or, if the rent is not paid when it is due, rent plus attorney's fees. To accept plaintiffs' position—that attorney's fees be considered as rent—would make the application of ¶ 4(m) wholly illogical: if rent is considered to include attorney's fees, then the lease would suggest that the landlord collect attorney's fees twice.

Plaintiffs' second argument suffers from similar circular reasoning. If, under this argument, attorney's fees are not to be considered rent—thus, avoiding the problem of making the last sentence in ¶ 4(m) purposeless—then the fees must be considered "other sums of money due hereunder" in order for them to be collectable. But there is no such other provision authorizing attorney's fees, for ¶ 4(*l*) only describes what is to be considered rent.

Attorney's fees are recoverable under the lease at issue only where the tenant fails to pay its rent; the lease does not provide for recovery of attorney's fees where the tenant violates other lease provisions, such as the no-closeout-sale provision in ¶ 4(q) or the continuous operation provision in ¶ 4(r). Had plaintiffs wanted to provide for recovery of attorney's fees for *any* breach of the lease by defendants, they certainly could have easily done so. *See Wendel v. Dixon Real Estate Co.,* 232 So.2d 791, 798 (La.App. 4th Cir.) (affirming an award of attorney's fees where the contract provided: "Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated and agrees to pay ... all fees and costs incurred in enforcing collection and damages."), *writ denied,* 256 La. 249, 236 So.2d 29 (1970). While plain-

tiffs may have subjectively intended as much, their objective agreement, as evidenced by the terms of their written lease, did not provide for attorney's fees, except in limited circumstances not applicable here.

The Court acknowledges that indemnity agreements often permit the recovery of attorney's fees for defending against a third party. *See, e.g., Hobbs v. Teledyne Movible Offshore, Inc.*, 632 F.2d 1238, 1241 (5th Cir.1980). This observation, however, does not help plaintiffs, for neither the alleged breach at issue in specific nor the lease in general concerns indemnity; the dispute in this matter concerned no claims of any person other than the claims of the landlord against the tenant. Further, unlike the language in the lease, the language in the indemnity agreements wherein attorney's fees have been awarded have clearly and broadly provided for such.

Perhaps, if the lease did not include the narrow attorney's fee provision in ¶ 4(m), then an argument might be made that ¶ 4(*l*) was intended to permit attorney's fees for any breach. But the Court need not, and does not, decide that issue.

In sum, the Court finds that it was clear error for the magistrate to recommend an award of attorney's fees, where the parties did not agree to such. *See Concrete Control Division, Inc. v. Cement Products Service, Inc.*, 457 So.2d 769, 771 (La.App. 1st Cir.1984). Thus, the Court does not accept the Magistrate's recommendation.[3]

### IV.

While defendants did not explicitly cross-move for summary judgment on the attorney's fee issue, it would serve no proper purpose to delay entry of final judgment on this issue (the sole remaining issue in this matter) in order that they may formally so move. *Cf.* F.R.Civ.P. 1 ("These rules ... shall be construed to secure the just, speedy, and inexpensive determination of every action."). For nothing remains to be resolved at a trial or ruled on by the Court.

In determining that the Court should not adopt the Magistrate's Report and Recommendation, the Court necessarily holds that there are no genuine disputes of material fact and defendants are entitled to judgment as a matter of law.

To the extent that F.R.Civ.P. 56(b) requires an express motion, the Court deems defendants' "memorandum in opposition to plaintiffs' motion for recognition of plaintiffs' entitlement to attorney's fees" to be such a cross-motion and deems the Magistrate to have recommended that such cross-motion be denied.

### V.

For these reasons, the Court determines that the Magistrate was clearly erroneous in determining that plaintiffs are entitled to recover attorney's fees. Accordingly, the Clerk of Court is hereby directed to enter final judgment dismissing with prejudice plaintiffs' sole remaining claim, plaintiffs to bear all costs on this claim.

The Court hereby dismisses as moot plaintiffs' motion to fix and award attorney's fees and costs, previously set for hearing before the Magistrate on July 6, 1988.

---

3. Because the Court rejects the Magistrate's recommendation on other grounds, the Court does not determine whether, as plaintiffs argue, defendants were indeed in breach of the lease or whether, as defendants argue, a recovery of

attorney's fees as part of the rent would render the lease unenforceable for not being certain and determinate within the meaning of La.Civil Code article 2671.