**Janison VEAL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Criminal Action No. 3:02CR43. Civil Action No. 3:05CV87.**

United States District Court, N.D. West Virginia, Martinsburg.

April 19, 2007.

Thomas O. Mucklow, U.S. Attorney's Office, Martinsburg, WV, for Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

BAILEY, District Judge.

#### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 119) dated September 29, 2006, and the petitioner's corresponding objections (Doc. 122) filed on October 25, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. *See Webb v. Califano,* 468 F.Supp. 825 (E.D.Cal.1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 119)** should be, and is, **ORDERED ADOPTED.** It is further **ORDERED** that petitioner's 28 **U.S.C. § 2255 Motion (Doc. 104) is GRANTED IN PART** on the ground that petitioner was denied effective assistance of counsel at the sentencing hearing. As such, the petitioner shall appear before the Court for resentencing at a date and time set by future order.

#### II. Factual and Procedural Background

The current controversy stems from the sentencing of the petitioner in the United States District Court for the Northern District of West Virginia on June 2, 2003. At the change of plea hearing on March 19, 2003, the petitioner plead guilty to each of the four counts in the indictment, without the benefit of a plea agreement.

There, the petitioner stated under oath that the he was in fact guilty of the crimes charged in the indictment, that no one had forced him to plead guilty, and that he was pleading guilty of his own free will.

At the sentencing hearing, and in response to the Court's Fed.R.Crim.P. 32(i)(1)(A) inquiry, defense counsel admitted that he had not gone over the presentence report with the petitioner. Additionally, defense counsel informed the Court that he did not file any objections to the presentence report, nor did he review those objections filed by the petitioner *pro se*. At the conclusion of the hearing, the Court sentenced the petitioner to 240 months on each of the four counts, to run concurrently.

Following the exhaustion of his appeal, the petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 alleging that he received an unconstitutional sentence, that his plea of guilty was involuntary, and that both his trial and appellate counsel were ineffective. In addition, petitioner filed a Motion for Evidentiary Hearing (Doc. 110), which was also disposed of by the Report and Recommendation of the Magistrate Judge.

### III. Applicable Law

As properly noted by the Magistrate Judge, whether or not counsel renders ineffective assistance is governed by the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, the defendant must first demonstrate that, "counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Next, the defendant must show that counsel's deficiency actually prejudiced his defense. *Id.*

### IV. DISCUSSION

After thorough review of the record, this Court concurs with the finding of the Magistrate Judge that counsel's failure to review the presentence report prior to the sentencing hearing constituted ineffective assistance of counsel entitling the petitioner resentencing. However, ail additional grounds proffered by the petitioner in his motion pursuant to 28 U.S.C. § 2255 are without merit. Specifically, the petitioner's constitutional challenges under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), must fail because the Court did not enhance the petitioner's sentence beyond the statutory maximum. For the same reason, petitioner's claim that his plea was involuntary because the indictment did not contain drug quantities, and thus was illegal under *Apprendi*, also must fail.

In response to the Magistrate Judge's Report and Recommendation, the petitioner filed five objections (Doc. 122). Petitioner's fist two objections concern the Magistrate Judge's denial of the petitioner's Motion for Evidentiary Hearing (Doc. 110). Specifically, petitioner contends that an evidentiary hearing is justified to address the credibility of the government witnesses and to address the "coercion" used by trial counsel to secure his guilty plea. Under *Raines v. United States*, 423 F.2d 526, 529 (4th Cir.1970), an evidentiary hearing is unnecessary where review of the record makes clear that petitioner is not entitled to relief. In the instant matter, the record conclusively establishes that the petitioner is only entitled to relief in the form resentencing. As such, the **Magistrate's denial of petitioner's Mo-**

tion for Evidentiary Hearing (110) is **AFFIRMED.**

■ Petitioner's remaining objections appear to address the original sentencing proceedings. Specifically, petitioner's third objection takes issue with the Court's criminal history point calculation. As petitioner will be resentenced with the benefit of counsel at subsequent proceedings, the petitioner will be afforded the opportunity to file objections at the appropriate time. Similarly, petitioner's fourth objection again concerns the deprivation of counsel, making reference to Fed.R.Crim.P. 32. As noted above, petitioner will be provided counsel at the time of resentencing, and as such, the objection is without merit. Finally, petitioner's last objection concerns the alleged denial of effective assistance at counsel prior to the sentencing hearing. After a thorough review of the record, it is the finding of this Court that, to the extent petitioner was denied the assistance of counsel, this denial occurred solely in the context of the sentencing hearing. In so finding, the Court puts particular emphasis on the petitioner's own sworn statements at the change of plea hearing indicating that his attorney had adequately represented him and left nothing undone.

### V. Conclusion

In recognition of the above and for those reasons more fully stated in the Magistrate Judge's Report and Recommendation (Doc. 119), the Court **ORDERS:**

1. That petitioner's **28 U.S.C. § 2255 Motion (Doc. 104)** is **GRANTED IN PART** on the ground that petitioner was denied effective assis-

tance of counsel at the sentencing. As such, the petitioner shall appear before the Court for resentencing at a date and time set by future order.

2. That petitioner's **Motion for Leave to Supplement (Doc. 120)** is **DENIED AS MOOT.**

3. That petitioner's Motion to Appoint Counsel at Evidentiary Hearing (Doc. 121) is **DENIED AS MOOT.**

It is so **ORDERED.**

The Clerk is directed to transmit true copies of this ORDER to the petitioner and all counsel of record.

### *REPORT AND RECOMMENDATION*

SEIBERT, United States Magistrate Judge.

### I. *INTRODUCTION*

On February 25, 2005, the *pro se* petitioner, an inmate at FCI Gilmer, Glenville, West Virginia, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response July 26, 2005.[2] The motion was referred to me August 10, 2005.[3] Petitioner filed a reply August 19, 2005.[4] Petitioner also filed a Motion for Bond May 31, 2005[5]; a Motion for a Hearing and Finding of Waiver by the Government of its right to contest the petition on July 5, 2005[6]; a Motion for Immediate Issuance of a Writ of Habeas on August 19, 2005[7]; a Motion for Leave to Supplement His Reply to the Government Response on November 14,

---

1. Doc. No. 104.

2. Doc. No. 111.

3. Doc. No. 112.

4. Doc. No. 113.

5. Doc. No. 109.

6. Doc. No. 110.

7. Doc. No. 114.

2005[8], and an Affidavit in support of his § 2255 motion on May 8, 2006.[9]

## II. FACTS

### A. Convictions and Sentence.

On March 19, 2003, the petitioner entered his plea in open court to all four counts of the indictment. Counts One, Two, and Three charged distribution of .47, .88, and 1.71 grams of cocaine base, respectively, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c). Count Four charged possession with intent to distribute an unspecified amount of crack cocaine. There was no plea agreement. During the plea hearing, the Government presented the testimony of Trooper Andy Evans, of the West Virginia State Police to establish a factual basis for the plea. (Plea transcript pp. 14–21). All the crack purchases which were the factual basis for the plea to Counts One, Two, and Three were between defendant and Ms. Lowe, a confidential informant. Counsel for Defendant did not cross-examine Trooper Evans about Ms. Lowe's crack purchases from petitioner. (*Id.*). Counsel for Defendant did, however, cross-examine Trooper Evans about another confidential informant, Ms. Greenfield, who testified before the Grand Jury against Defendant. (*Id.* at 22–24). The cross-examination went to the issue of relevant conduct as to Count Four. (*Id.* at 23). Defendant did not contest the factual basis for the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of all four Counts of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (*Id.* at 25–26) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (*Id.* at 26)

At the conclusion of the hearing after Petitioner declared he was in fact guilty of all four counts, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of all four counts were established beyond a reasonable doubt. (*Id.* at 27–28) The petitioner did not object to the Court's findings.

On June 2, 2003, the petitioner appeared before the Court for sentencing. Before sentencing Defendant the Court advised the parties that on May 30, 2003 (the Friday before the sentencing on Monday, June 2, 2003) the Court received by fax a letter from Defendant requesting to withdraw his plea agreement. The Court denied the motion for four reasons. First, the motion was untimely. Second, the motion was a hybrid motion (defendant filed it *pro se* while represented by counsel). Third, there was no *Apprendi* issue. Fourth, no copy was sent to the United States Attorney. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced petitioner to a term of 240 months imprisonment on each of the four counts, all sentences to run concurrently.

### B. Appeal.

Petitioner filed a notice of appeal June 9, 2003. The Judgment of the District Court was affirmed February 9, 2004.

---

8. Doc. No. 116.

9. Doc. No. 117.

## C. Federal Habeas Corpus.

Petitioner contends:

(1) His sentence was unconstitutional under *Apprendi, Blakely*, and *Booker*.

(2) His plea was involuntary because the drug quantities upon which his sentence was based were not included in the indictment.

(3) His trial counsel was ineffective because he did not review the presentence report and did not object to petitioner not receiving a reduction for acceptance of responsibility, the enhancement for obstruction of justice or the relevant conduct.

(4) His appellate counsel was ineffective for failing to pursue Rule 32 issues on direct appeal and failure to file a petition for writ of certiorari as requested by petitioner.

The Government contends:

(1) Petitioner's sentence was constitutional, affirmed by the United States Court of Appeals for the Fourth Circuit and is not subject to collateral attack.

(2) Petitioner was charged and sentenced under 18 U.S.C. § 841(b)(1)(c). There was no sentence enhancement based on unproved drug weights.

(3) While petitioner's claims of ineffective assistance of counsel are factually accurate, there was no prejudice to petitioner as a result of his counsel's action.

(4) Appellate counsel had no duty to raise the Rule 32 issue because it is without merit and there is no authority to rule on the certiorari issue which should have been decided by the Fourth Circuit or the Supreme Court.

## D. Recommendation.

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be granted for ineffective assistance of counsel for failing to discuss the presentence investigation report with petitioner and that petitioner be resentenced. All other grounds alleged are without merit. The motion on these grounds should be dismissed with prejudice.

## III. ANALYSIS

### A. Unconstitutional Sentence.

*Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) established that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) held that sentencing a defendant by a judge to an additional term above the statutory maximum for the offense charged, based upon a finding by the judge, violates the Sixth Amendment right to trial by jury.

*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) held that the Federal Sentencing Guidelines are subject to the jury trial requirements of the Sixth Amendment and was applicable to all cases on direct review.

### B. Involuntary Plea.

*Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) established that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*United States v. Promise,* 255 F.3d 150 (4th Cir.2001) held that it is an *Apprendi* error to sentence a defendant to the term

beyond maximum allowable for unspecified amount of drugs unless the amount is charged in the indictment and found by a jury beyond a reasonable doubt.

### C. & D. Ineffective Assistance of Counsel—Trial and Appellate.

Counsel's conduct is measured under the two part analysis outlined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant *must* show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant *must* show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. *Id.* Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Griffin v. Aiken,* 775 F.2d 1226 (4th Cir.1985), *cert. denied,* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986).

▮▮▮▮▮ Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. *See Blackledge v. Allison,* 431 U.S. 63, 74–75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied,* 488 U.S. 843, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988).

## IV. DISCUSSION

### A. Unconstitutional Sentence.

The petitioner herein, is asserting what amounts to an *Apprendi* claim. However, the petitioner's *Apprendi* claim is without merit. The petitioner pleaded guilty to Counts One, Two, Three, and Four of the indictment, charging possession with intent to distribute specific amounts of cocaine base, also known as crack, in Counts One, Two, and Three and an unspecified amount in Count Four, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c). The statutory penalty for each count is contained in 21 U.S.C. § 841(b)(1)(B) which provides for a term of imprisonment of up to 20 years. The district court imposed a sentence of 240 months (20 years) which is the statutory maximum. Thus, there is no *Apprendi* violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the same is without merit. *Blakely* as an extension of *Apprendi,* holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the finding were neither admitted nor found by the jury. In *Booker,* the

Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. There was no enhancement of sentence in this case beyond the statutory maximum. Petitioner was sentenced under 21 U.S.C. § 841(b)(1)(c) which does not specify any minimum amount of controlled substance.

### B. *Involuntary Plea.*

Petitioner uses the same *Apprendi* argument to support his claim of an involuntary plea as he did claiming an unconstitutional sentence.

Because petitioner did not receive an enhanced sentence before the statutory maximum as discussed in the immediately preceding paragraph, his argument is without merit.

### C & D. *Ineffective Assistance of Counsel.*

Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure provides in pertinent part:

(1) **In General.** At sentencing, the court:

(A) Must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

At the sentencing hearing, both the petitioner and his counsel stated that petitioner's counsel did not review the presentence investigation with him. Further, petitioner stated he wished to review the presentence investigation with his counsel. (Sentencing Transcript pp. 6–8).

It would appear that it is mandatory in this circuit that the presentence investigation report be reviewed by counsel with the defendant. *United States v. McManus*, 23 F.3d 878 (4th Cir.1994); *United States v. Miller*, 849 F.2d 896 (4th Cir. 1988). While the transcript demonstrates that petitioner made all his objections to the presentence report and each was ruled upon by the Court, the rule appears to be mandatory. While it also appears that the petitioner will fail on all his objections to the pre-sentence report, and the guidelines will suggest a maximum sentence, the rule appears to be mandatory.

## V. *MISCELLANEOUS MOTIONS*

### A. *Motion for Evidentiary Hearing.*

As part of his unstyled Motion [10], petitioner requested an evidentiary hearing.

If it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir.1970). The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief except as to the Rule 32 issue. Undisputed facts are conclusively established in the transcript of the sentencing hearing as to the Rule 32 issue. Thus he is not entitled to an evidentiary hearing. Motion ***DENIED.***

### B. *Motion for Bail.*

Petitioner moves the Government for bail pending further proceedings in his § 2255 petition [11].

■ Petitioner claims he is entitled to bail because he will be successful on the merits and special circumstances exist. Petitioner relies on his *Apprendi, Blakely*

---

**10.** Doc. No. 110.

**11.** Doc. No. 109.

and *Booker* arguments which are without merit because he was not given an enhanced sentence above the statutory maximum. To obtain release on bail in a habeas case, petitioner must show his petition presents a substantial constitutional claim upon which he has a high likelihood he will succeed and extraordinary circumstances warrant his release. *See Aronson v. May,* 85 S.Ct. 3, 13 L.Ed.2d6 (1964). Here, the most petitioner is entitled to is resentencing which will not result in overturning his conviction. Bail is not appropriate. Motion *DENIED.* (Doc. No. 109).

### C. Motion for a Finding of Waiver by the Government of Its Right to Contest the Petition.

The Government was directed to respond to Petitioner's motion by April 7, 2005. The Government filed its response July 26, 2005. The law of this circuit in case dispositive motions is that the Court must make a decision on the merits of each motion, even if the opposing party files no response. *Custer v. Pan American Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir.1993). Therefore, this motion is moot. Motion *DENIED AS MOOT.*

### D. Motion for Immediate Issuance of a Writ of Habeas Corpus.[12]

Petitioner seeks immediate issuance of a Writ of Habeas Corpus based upon this Court's ruling in *United States v. Bronson,* 3:02CR63–01 applying *Apprendi* and *Blakely.* Once again petitioner does not understand that *Apprendi, Blakely,* and *Booker* do not apply to his case because he did not receive an enhancement of his sentence over the statutory maximum. Motion *DENIED.*

### E. Motion for Leave to Expand Upon His Response to the Government Response.[13]

The motion containing the argument has been filed. Motion *DENIED AS MOOT.*

## VI. RECOMMENDATION

The undersigned recommends that the Court enter an order granting petitioner's § 2255 motion solely on the issue of ineffective assistance of counsel and resentence the petitioner. All other grounds are without merit. The motion on those grounds should be dismissed with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the clerk of the court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the Untied States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States

---

12. Doc. No. 114.

13. Doc. No. 116.

District Court for the Northern District of West Virginia.

September 29, 2006.