**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Royal BARNEY, Defendant-Appellant.**

**No. 77–1880.**

United States Court of Appeals, Ninth Circuit.

Jan. 17, 1978.

---

Susan F. Mandiberg, Portland, Or., submitted on the briefs, for defendant-appellant.

John S. Ranson, Asst. U. S. Atty., Portland, Or., submitted on the briefs, for plaintiff-appellee.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

The joinder of the charge against appellant and Johnson of knowingly transporting a stolen vehicle in interstate commerce with the charge against Johnson of perjury did not violate Fed.R.Crim.P. 8(b). The perjury count against Johnson alleged that he lied to the grand jury about a receipt found in appellant's possession when appellant was apprehended while driving the stolen truck. This receipt, which bore Johnson's fingerprint, was relevant evidence against appellant on the stolen vehicle charge as well as against Johnson on the perjury count. Thus, Johnson's alleged false testimony related directly to the illegal transaction with which appellant was charged. *See United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971). Indeed, the facts underlying the joined offenses were so intertwined that most of the evidence admissible in proof of one was also admissible in proof of the other. In these

circumstances joinder served the purpose of Rule 8(b): It permitted significant gains in trial efficiency without subjecting the defendants to substantial prejudice. *United States v. Martin*, 567 F.2d 849 (9th Cir. 1977); *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977); *United States v. Friedman, supra; United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970).

The holding in *Metheany v. United States*, 365 F.2d 90, 94 (9th Cir. 1966) is consistent with this principle. Joinder was held improper in *Metheany* because the joined offenses were not connected and were "not provable by the same evidence". *United States v. Roselli*, 432 F.2d 879, 901 n.4 (9th Cir. 1970); *United States v. Martin*, slip opinion p. ——, —— F.2d ——, —— 567 F.2d 849 (9th Cir. 1977). Language in footnote 5 of the *Metheany* opinion suggesting that perjury may never be joined with another charge in a multiple-defendant indictment is dictum rejected in subsequent cases. In *United States v. Friedman*, 445 F.2d 1036 (9th Cir. 1971), a charge of perjury was held properly joined with other offenses in a multiple-defendant indictment. In *United States v. Roselli*, 432 F.2d 879 (9th Cir. 1970), the offense of making a false statement in an income tax return was held properly joined with other offenses in a multiple-defendant indictment.

The trial court did not abuse its discretion in denying appellant's motion to sever. Nothing peculiar to this case made joinder unduly prejudicial. *Roselli, supra* at 901–02; *Friedman, supra* at 1083.

■ The government's delay in filing the complaint after the commission of the crime did not deny appellant due process. There is no evidence of actual prejudice and no showing that the government intentionally delayed to harass appellant or gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 325–26, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Nor was appellant denied his right to a speedy trial by post-accusation delay. As appellant concedes, he failed to timely assert his right. In any event, he was not incarcerated, and his general allegations of financial and tactical disadvantage are insufficient. *United States v. Simmons*, 536 F.2d 827, 832 (9th Cir. 1976).

■ We reject appellant's contention that he was denied due process because the trial court waited until after the jury had been selected to rule upon the motion to reconsider the magistrate's denial of appellant's motion to sever, thus making favorable consideration of the motion to reconsider unlikely. The record indicates that the trial judge had decided before the jury was selected that he would deny the motion, and had so informed appellant. The subsequent formal announcement only confirmed the earlier ruling. In any event, we are confident the trial judge would not have permitted his judgment to be swayed by the minor inconvenience of selecting another jury, had that been necessary if the motion were granted.

■ We also reject appellant's suggestion that the trial court erred in allowing appellant less than the full 10-day period provided by 28 U.S.C. § 636(b)(1) to file objections to the magistrate's recommendation that the motion to suppress evidence and the motion to dismiss be denied. Ten days is a maximum, not a minimum. The court may require a response within a shorter period if exigencies of the calendar require, as they did in this instance. Appellant did not request additional time to formulate objections to the magistrate's recommendation. Nor did appellant object to the procedure followed; indeed, appellant expressly waived any review of the record or the magistrate's ruling, commenting that the hearing before the magistrate had been fair.

There was no error in the trial court's refusal to grant appellant's motion for acquittal. The evidence against appellant fully supports and corroborates the inference that he had knowledge that he was in possession of stolen property. His explanations when apprehended were illogical, inconsistent, and untrue. He tried to escape and had to be forcibly detained. He

changed his story when his first version was doubted. A person named "Barney" had frequently telephoned Johnson, and Johnson's fingerprint was on the receipt in appellant's possession.

Affirmed.