UNITED STATES of America,
Plaintiff–Appellee,

v.

Patrick Raul MURILLO, Defendant–Appellant.

Nos. 00–30097, 00–30118.
D.C. Nos. CR–99–00031–E–BLW,
CR–99–00039–E–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 20, 2001.

Before THOMPSON, TROTT, and
PAEZ, Circuit Judges.

### MEMORANDUM *

Patrick Raul Murillo appeals his conviction and the denial of a motion for a new trial after a jury convicted him of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, two counts of using or carrying a firearm in connection with a drug trafficking offense, and perjury for lying under oath at his detention hearing on the above charges. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### A. Evidence of Prior Drug Transactions

Murillo contends that testimony that twice in March of 1999, he delivered a quarter pound of methamphetamine to a buyer is inadmissible evidence of prior bad acts under Fed.R.Evid. 404(b). Alternatively, he contends that the probative value of the evidence is substantially outweighed by the possibility of unfair prejudice in violation of Fed.R.Evid. 403.

We review a district court's evidentiary rulings during trial for abuse of discretion. *United States v. Fleming*, 215 F.3d 930, 938 (9th Cir.2000). "However,

the issue of whether the evidence falls within the scope of Rule 404(b) is reviewed de novo." *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993).

Rule 404(b) does not apply to evidence that establishes an element of the conspiracy charged. *See United States v. Bernal*, 719 F.2d 1475, 1478 (9th Cir.1983) (drug distribution paraphernalia and a large amount of cash is not character evidence under Fed.R.Evid. 404(b) when it was offered to prove that defendant was participant in a drug distribution conspiracy). Murillo's delivery of methamphetamine packages on behalf of a co-conspirator to another individual is not evidence of a prior bad act, but evidence of the conspiracy with which Murillo was charged. The acts both occurred within the time period specified in Count One of the indictment (February 15 to March 31, 1999) and involved individuals (Murillo and a co-conspirator, Enrique Armas), the drug (methamphetamine), and the wrongful act (drug distribution) alleged in the indictment. Moreover, the district court cautioned the jury, "You are to consider [this witness's testimony] only for its possible evidentiary value bearing upon the question of Mr. Murillo's involvement or noninvolvement in a conspiracy or common enterprise with Mr. Armas and others." For all these reasons, Fed.R.Evid. 404(b) does not apply.

Murillo's assertion that the evidence is barred by Fed.R.Evid. 403 also fails. While certainly prejudicial to Murillo, this evidence is highly probative of Murillo's role in the conspiracy. The district court did not abuse its discretion in overruling Murillo's objections to this testimony at trial.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## B. Joinder of Perjury and Drug Cases

Murillo next contends that joinder of the perjury and drug charges was improper under Fed.R.Crim.P. 8(a) and, alternatively, joinder was prejudicial under Fed. R.Crim.P. 14.[1]

■■■ We review a district court's order that two indictments be tried together for abuse of discretion. *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir.1996). Improper joinder is subject to harmless error review. *United States v. Sarkisian*, 197 F.3d 966, 976 (9th Cir.1999).

■■■ We have previously held that it is both proper and not unduly prejudicial to join a perjury charge with a previous indictment when the perjury charge arose from pretrial proceedings regarding the prior indictment. *United States v. Barney*, 568 F.2d 134, 135–37 (9th Cir.1978) (perjury charge for lying to grand jury joined with knowingly transporting a stolen vehicle in interstate commerce). Murillo's perjury charge stems from false statements he made under oath while testifying at his detention hearing on the drug charges – statements which would likely have been admissible in a separate trial on the drug charges. Murillo has failed to show why the rule from *Barney* should not govern here. Under these circumstances, we conclude that the district court did not abuse its discretion when, relying on *Barney*, it permitted joinder of the perjury and drug cases.

## C. Ineffective Assistance of Counsel, Jencks Act, and Fed.R.Crim.P. 16

Finally, Murillo contends that the district court abused its discretion by not granting Murillo's supplemental motion for a new trial, which alleged ineffective assistance of counsel because trial counsel had failed to object to the introduction at trial of the tape of Murillo's perjurious detention hearing testimony. Murillo contends that this tape should have been excludable because the government violated both the Jencks Act, 18 U.S.C. § 3500, and Fed. R.Crim.P. 16 by failing to comply with defense counsel's request and the magistrate's order to provide Murillo with discovery before the detention hearing. Murillo's trial counsel, in a signed affidavit, asserts that he would not have put Murillo on the stand at the detention hearing if the government had provided the requested law enforcement reports.

■■■ We review a district court's denial of a motion for a new trial for abuse of discretion. *United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000); *United States v. Alvarez*, 86 F.3d 901, 906 (9th Cir.1996). Claims of ineffective assistance of counsel are reviewed de novo. *United States v. Mack*, 164 F.3d 467, 471 (9th Cir.1999).

■■■ "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. Such claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (internal citations and quotation marks omitted). There are two exceptions to this general rule where we will review such a claim on direct appeal: (1) "when the record on appeal is sufficiently developed to permit review and determination of the issue"; or (2) "when the representation is so in-

---

1. This issue was originally raised in Murillo's supplemental motion for a new trial as an ineffective assistance of counsel claim because Murillo's post-trial counsel believed that trial counsel had not objected to joinder.

However, Murillo conceded at oral argument that trial counsel did object to joinder. We therefore review the question of joinder independent of the claim of ineffective assistance of counsel.

adequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (internal citations and quotation marks omitted).

### 1. Jencks Act

Murillo asserts that the record was adequately developed here because trial counsel's failure to raise an objection under the Jencks Act was raised before the district judge in the supplemental motion for a new trial, the district judge held a hearing on the issue, and the district judge issued a decision (denying the motion). Even if we assume that the record is sufficiently developed to address this issue on direct appeal, Murillo's argument is without merit because the Jencks Act does not apply here.

The Jencks Act requires the government to produce prior relevant statements of a witness "[a]fter a witness called by the United States has testified on direct examination." 18 U.S.C. § 3500(b); *United States v. Bobadilla–Lopez,* 954 F.2d 519, 521 (9th Cir.1992). Here, contrary to Murillo's assertion, no government witness testified at the detention hearing.[2] The government introduced all of its evidence by proffer. Consequently, the Jencks Act is inapplicable, and trial counsel's failure to object on this basis could not have constituted ineffective assistance of counsel.

### 2. Fed.R.Crim.P. 16

Murillo also asserts that the government's withholding of discovery prior to the detention hearing violated Fed. R.Crim.P. 16. This argument was not raised in Murillo's motion or supplemental motion for a new trial. Nor did Murillo's trial counsel make an objection on this basis at any time. Normally, we would review an issue raised for the first time on appeal by a defendant for plain error. *See United States v. Romero–Avila,* 210 F.3d 1017, 1021–22 (9th Cir.2000). However, Murillo does not directly raise the Fed. R.Crim.P. 16 issue in this appeal. Rather, Murillo asserts in his appellate brief that "this claim is brought as an ineffective assistance claim" because trial counsel's failure to object on this basis to the introduction of the detention hearing tape fell below the standard for effective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As noted above, we will not normally consider claims of ineffective assistance of counsel on direct appeal unless (1) the record on appeal is sufficiently developed to permit review; or (2) the representation is so inadequate that it is an obvious denial of a defendant's Sixth Amendment right to counsel. *Ross,* 206 F.3d at 900. Here, the record was not adequately developed below because Murillo did not raise the Fed. R.Crim.P. 16 issue in his motion or supplemental motion for a new trial, and consequently the district court never addressed it at the hearing or in its order denying Murillo's motion. Nothing in the record before us explains if trial counsel's failure to object under Fed.R.Crim.P. 16 was part of a trial strategy or simply a mistake. Since trial counsel's performance was not obviously inadequate, we decline to review this issue on direct appeal. If he so chooses, Murillo may bring a claim for ineffective assistance of counsel in a petition for habeas corpus relief under 28 U.S.C. § 2255.

AFFIRMED.

---

2. Murillo appears to have conceded this at the district court hearing on this issue. He offers no explanation why he raises the issue again on appeal.