**HISPANIC COUNSELING CENTER, INC., and John Does, Plaintiffs,**

**v.**

**INCORPORATED VILLAGE OF HEMPSTEAD and the Zoning Board of Appeals of the Incorporated Village of Hempstead, Defendants.**

No. 02CV6252(ADS)(WDW).

United States District Court, E.D. New York.

Dec. 21, 2002.

---

Stein & Schonfeld, Garden City, NY (Robert L. Schonfeld, Seth P. Stein, of Counsel), for the Plaintiffs.

C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson, Janese N. Thompson, of Counsel) for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the plaintiffs, the Hispanic Counseling Center, Inc. (the "HCC") and John Does (collectively, the "plaintiffs") bring an action against the defendants the Incorporated Village of Hempstead (the "Village of Hempstead" or the "Village") and the Zoning Board of Appeals of the Incorporated Village of Hempstead (the "Zoning Board of Appeals") alleging that the 1997 amendment to the Village Code which prevents them from relocating their substance abuse treatment clinic to a new building three blocks away from their present location violates Title II of the Americans with Disabilities Act (the "ADA"), among other laws. Presently before the Court are objections to a report from United States Magistrate Judge William D. Wall recommending that this Court deny the defendants' motion to dismiss the complaint and grant the plaintiffs' motion for a preliminary injunction allowing the plaintiffs to relocate their clinic to the new building. This opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

## I. FACTS

The facts are taken from the complaint, the parties' affidavits and the evidentiary hearing. The HCC is a not-for-profit corporation which operates a counseling center and clinic for people with mental disabilities, AIDS and substance abuse problems at 175 Fulton Avenue in Hempstead, New York. It has operated its counseling center and clinic in the Village of Hempstead for the past 26 years. The John Does are individuals whom the HCC would treat at its proposed new facility. The Village of Hempstead is a municipal corporation located in Nassau County, New York. The Zoning Board of Appeals is responsible for determining whether an individual or entity is entitled to a variance from the Village Code.

At this time, the HCC requires a larger facility because its present one can no longer meet the needs of its clients and the community. To accommodate that need, the HCC has found a larger building for sale which is located three blocks away at 340–44 Fulton Avenue. The HCC and the seller of that building have entered into a contract of sale. However, the seller has given the HCC until December 31, 2002 to obtain any necessary approvals allowing it to operate its substance abuse treatment clinic at the new location.

The HCC is unable to obtain the necessary approvals for its clinic for two reasons. First, a 1997 Village ordinance prohibits clinics and substance abuse treatment facilities from locating in all business zoning districts in the Village including the one where the HCC's present facility is situated. Second, the Zoning Board of Appeals denied the HCC's application for a variance to the 1997 Village ordinance which would have allowed it to establish its clinic at 340–44 Fulton Avenue. As to the reasons for that denial, the Zoning Board of Appeals noted inade-

quate parking, increased traffic, and a strain on sanitation, sewage and public transportation.

On November 26, 2002, the plaintiffs filed this complaint in the Eastern District of New York alleging violations of the Equal Protection and Due Process clauses of the United States and New York State Constitutions, Title II of the ADA and the New York State Human Rights Law. On that date, the plaintiffs moved pursuant to Rule 6.1(d) of the Local Civil Rules for an order to show cause permitting them to file an expedited motion for a preliminary injunction. The Court granted that request and directed the defendants to appear on December 6, 2002 to address the motion.

In their motion for a preliminary injunction, the plaintiffs sought to: (1) enjoin the defendants from taking any steps to impede the HCC from establishing a clinic and substance abuse treatment center at 340–44 Fulton Avenue; (2) enjoin the defendants from enforcing the sections of the Village Code that prohibit the HCC from establishing a clinic and substance abuse treatment center in the business and all other zoning districts in the Village of Hempstead; and (3) direct the defendants to provide the HCC with all necessary approvals to establish a clinic and substance abuse treatment center at 340–44 Fulton Avenue.

On December 6, 2002, the Court heard oral argument on the plaintiffs' motion for a preliminary injunction. The plaintiffs stated that their motion involved questions of law and that no evidentiary hearing was required. On the other hand, the defendants argued that an evidentiary hearing was required to resolve certain factual issues. After hearing both sides, the Court referred the motion for a preliminary injunction to Judge Wall for an evidentiary hearing and a report and recommendation pursuant to 28 U.S.C. § 636.

On December 9, 2002, the defendants filed a cross-motion to dismiss the complaint. That motion and the papers submitted in support largely oppose the plaintiffs' motion for a preliminary injunction and note, in cursory fashion, that the Court should dismiss the complaint for lack of subject matter jurisdiction on the ground that the Village did not discriminate against the plaintiffs. That motion also requested that the Court abstain from deciding the issues in this case before the state court makes a determination in an Article 78 proceeding.

On December 11, 2002, Judge Wall held an evidentiary hearing. At that time, the plaintiffs produced one witness, Gladys Serrano. The defendants produced none. After the hearing and oral argument, Judge Wall noted that he will recommend that the motion for a preliminary injunction be granted. Later that day, Judge Wall gave the parties a written report outlining the reasons for his recommendation. In that report, Judge Wall found the following: First, the plaintiffs have standing to bring this action. Second, the individuals whom the HCC treats are disabled under the ADA. Third, the plaintiffs have established irreparable harm in that the Village Code prohibits the plaintiffs from relocating their facility to any other Village area; the plaintiffs' current facility no longer meets their clients' needs; the plaintiffs' contract for sale of the new building is conditioned on their obtaining the necessary approvals; and if those approvals are not obtained, the HCC will be unable to purchase the new building.

Fourth, the plaintiffs proved a likelihood of success on the merits, at least with respect to the ADA claim under a theory of disparate treatment. In that regard, Judge Wall found that the Village Code was discriminatory on its face because it contained a blanket express prohibition

against clinics and substance abuse treatment facilities in all business districts and it did not permit such facilities in any other district of the Village. In addition, he found that the defendants failed to present any credible evidence that there existed a reasonable relation between the ends sought by the challenged sections of the Village Code—a general zoning scheme to congregate certain activities in particular areas of the Village—and the means chosen to achieve that end—the use of a blanket prohibition against clinics and substance abuse treatment centers.

After deciding that the plaintiffs met their burden of proof, Judge Wall recommended that the defendants: (1) be preliminarily enjoined from enforcing against the HCC those sections of the Village Code that prohibit clinics and substance abuse treatment centers from all zoning districts in the Village; and (2) provide the HCC with a building permit and certificate of occupancy permitting it to establish a clinic and substance abuse treatment center at 340–44 Fulton Avenue in Hempstead, New York, subject to other applicable sections of the Village Code not raised in this action.

Because of the time constraints set forth in the plaintiffs' contract to purchase the new building, Judge Wall set an expedited objection schedule directing the defendants to file their objections to the report and recommendation with the Clerk of the Court by close of business on December 16, 2002 and any reply be filed by close of business on December 19, 2002. Judge Wall noted that the failure to file objections within this period would constitute a waiver of the right to appeal the district court's order.

On December 16, 2002, counsel for the defendants called Judge Wall's chambers at 3:00 p.m. requesting an extension of time to file objections to the report and recommendation. In a written order that day, Judge Wall denied this request noting that the defendants were given adequate notice of the deadline and the reason for the shortened period. At 4:04 p.m. that day, counsel for the defendants faxed a letter to this Court requesting a telephone conference to discuss an extension to file their objections by December 18, 2002.

On December 17, 2002, the Court held a telephone conference in connection with the defendants' request from the previous day. At that time, counsel for the defendants stated that the Court's assistance was no longer necessary because they had filed their objections. In their objections, the defendants set forth the following reasons why this Court should not adopt the report: (1) Judge Wall's finding that the Village Code prohibited the plaintiffs from relocating their facility to any other location in the Village was incorrect; (2) Judge Wall erred in finding the defendants did not present any evidence that there existed a reasonable relation between the ends sought to be met by the challenged sections in the Village Code and the means used to achieve that end; (3) Judge Wall substituted his interpretation of the Village Code rather than deferring to the "Village's legal authority"; and (4) Judge Wall's position on the preliminary injunction was decided before the hearing and he did not give the defendants a fair opportunity to argue against the injunction.

## II. DISCUSSION

### A. The Timeliness of the Objections

It is well-settled that the " 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.' " *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993) (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) (*per curiam* )). Generally, parties are given 10 days after service of a

magistrate's report to file written objections. 28 U.S.C. § 636(b)(1)(C). However, that time period may be shortened where exigencies exist. *See United States v. Barney,* 568 F.2d 134, 136 (9th Cir.1978) (stating that a court may require that objections be filed less than 10 days where exigencies exist).

In this case, Judge Wall properly set an expedited objection schedule permitting the defendants 5 days to file objections because of the time constraints in the plaintiffs' contract to purchase the new building. In his report, Judge Wall directed the defendants to file their objections with the Clerk of the Court by close of business on December 16, 2002. He also cautioned the defendants that their failure to file objections within this period waives the right to further judicial review. Despite these clear instructions, the defendants did not comply with the deadline; instead, they filed their objections on December 17, 2002, one day late. As such, they have waived further judicial review of Judge Wall's decision.

■ Because the waiver provision is non-jurisdictional, a court may excuse non-compliance in the interests of justice. *Roldan,* 984 F.2d at 89. The defendants set forth no credible reason why this Court should excuse their non-compliance with the waiver provision. Accordingly, they have waived further judicial review of Judge Wall's decision. Nevertheless, a review of the defendants' objections reveals that they are without merit.

## B. The Standard

■ A court is required to make a *de novo* determination as to those portions of the report and recommendation to which objections were made. 28 U.S.C. § 636(b)(1)(C); *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989). The phrase *"de novo* determination" in Section 636(b)(1)—as opposed to *"de novo* hearing"—was selected by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Section 636 does not require a court "to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'" *Id.* at 674, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424. Rather, in making such a determination, a court may in its discretion review the record and hear oral argument on the matter. *See Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir. 1990). Furthermore, a court may in its sound discretion afford a degree of deference to the magistrate's report and recommendation. *See Raddatz,* 447 U.S. at 676, 100 S.Ct. at 2412. In light of these principles, the Court makes a *de novo* determination with regard to the specific objections raised by the defendants.

### 1. The First Objection

■ The defendants object to Judge Wall's report on the ground that his finding that the Village Code prohibited the plaintiffs from relocating their facility to any other location in the Village was incorrect. To the contrary, the defendants contend that the plaintiffs could relocate their facility to residential zones B, C and D in the Village.

■ Judge Wall properly rejected that argument. In interpreting a zoning ordinance, any uses that are not listed are excluded from that ordinance. *See Inc. Village of Old Westbury v. Alljay Farms,* 100 A.D.2d 574, 575, 473 N.Y.S.2d 505 (2d Dep't 1984) ("It is a basic tenet of zoning jurisprudence that an ordinance which lists permitted uses excludes any uses that are not listed.") (citations omitted). That prin-

ciple is consistent with the general rules of statutory interpretation. *See Smaldone v. Senkowski,* 273 F.3d 133, 137 (2d Cir.2001) (noting the principle that, when specific language is included in one section of a statute but omitted from another, it is generally presumed the omission is intentional).

In residential zones B, C and D, the Village Code permits "[h]ospitals, sanatoriums, clubs or lodges except when conducted as a business, when authorized as a special exception by the Board of Zoning Appeals ...." Village Code art. VII, § 139–72(B); art. VIII, § 139–81(A); art. IX, § 139–82. It does not list a clinic or substance abuse treatment clinic as a permitted use in these areas. As such, they are not permitted there. Accordingly, Judge Wall correctly interpreted the Village Code.

## 2. The Second Objection

■ The defendants object to Judge Wall's report on the ground that he erred in finding that the defendants did not present any evidence that there was a reasonable relation between the ends sought to be met by the challenged sections in the Village Code and the means used to achieve that end. To the contrary, the defendants contend that they had a legitimate government purpose for the challenged sections in the Village Code—a common commercial scheme in the Village's business district—and that purpose related to the ends sought—allowing only commercial, non-healthcare businesses to be in the commercial zone.

In his report, Judge Wall found that the defendants did not present any *credible* evidence to support a legitimate government purpose to the challenged sections in the Village Code. This finding was correct. Although the defendants argue in their motion papers that the purpose of these sections was to allow only "commercial" businesses in the business district, the evidence contradicts this argument. For example, neither the Village Code, nor any statute, nor any regulation supports counsel's argument. Indeed, that argument is inconsistent with the surroundings in the business districts of the Village where noncommercial entities such as the Helen Keller Services for the Blind, the Nassau-Suffolk Law Services and a religious organization are located.

## 3. The Third Objection

■ The defendants object to Judge Wall's report on the ground that he interpreted the Village Code rather than deferring to the "Village's legal authority", namely counsel for the defendants, W. Charles Robinson, Esq. In that regard, the defendants cite no authority that a court must defer to the Village's legal counsel when interpreting its zoning code. Indeed, it was Judge Wall's responsibility to interpret the Village Code under its plain meaning and the applicable case law. This he did.

## 4. The Fourth Objection

■ The defendants object to Judge Wall's report on the ground that his position on the preliminary injunction was decided before the hearing and that they were not given a fair opportunity to argue that motion. There is no basis for this objection.

In this case, Judge Wall gave the defendants an opportunity to present evidence at a hearing because they argued that there were factual issues to be resolved. Yet, they presented no witnesses or evidence at the hearing. Judge Wall gave the defendants clear notice that they must file objections to the report with the Clerk of the Court by end of business on December 16, 2002 or risk waiving further judicial review. Yet, they waited until 3:00

p.m. that day to request an extension and then failed to file their objections in a timely fashion. A review of the record reveals absolutely no basis to attack Judge Wall's impartiality in this case.

In addition, the defendants have been given a fair opportunity to litigate the motion for a preliminary injunction. Despite this opportunity, they have continuously failed to comply with directions from the Court. The order to show cause directed the defendants to submit opposition papers to the motion for a preliminary injunction by December 4, 2002. Yet, they did not provide the Court with their opposition papers by that date. Also, the defendants claimed that there were factual issues requiring an evidentiary hearing. Yet, they did not produce a witness or present any evidence at the hearing. Finally, they failed to timely file their objections to Judge Wall's report. During this pattern of non-compliance, the defendants knew that the plaintiffs were under time constraints to purchase the subject building in this case.

Based upon the forgoing, the Court finds that the objections to the report and recommendation are without merit.

## C. As to the Preliminary Injunction

### 1. The Standard

■ Where, as here, a substance abuse treatment clinic seeks to prevent a municipality from interfering with its relocation to a new facility within that village, town or city, it must show: (1) irreparable harm absent the injunction; and (2) a likelihood of success on the merits. *See Innovative Health Sys., Inc. v. City of White Plains,* 117 F.3d 37, 42–43 (2d Cir.1997), *overruled on other grounds by Zervos v. Verizon New York, Inc.,* 252 F.3d 163 (2d Cir.2001).

### a. Irreparable Harm

■ In this case, Gladys Serrano the executive director of the HCC stated in an affidavit that the HCC is the only clinic and substance abuse treatment center in Nassau County that is licensed by the New York State Office of Mental Health and the New York State Office of Alcohol and Substance Abuse Services which is bilingual and certified to provide services to individuals within the Latino community; that the larger building at 340–44 Fulton Avenue is needed to accommodate additional individuals within the community that require HCC's services; and that those individuals' health will deteriorate if the HCC does not expand its services in a larger facility. This affidavit establishes irreparable harm. *See Innovative Health Sys.,* 117 F.3d at 44 (finding irreparable harm where a facility, precluded from relocating to a larger more convenient location, will prevent current and prospective clients who are alcohol and drug dependent from receiving necessary counseling services).

### b. A Likelihood of Success on the Merits

■ In his report, Judge Wall correctly noted that the plaintiffs have standing to bring this action, *see id.* at 47 (stating that any person claiming discrimination on the basis of a disability has standing under the ADA) and that the individuals whom the HCC serves are disabled under the ADA, *see Regional Econ. Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 46–48 (2d Cir.2002) (noting that alcoholics and drug addicts are disabled under the ADA).

■ In addition, Judge Wall correctly found that the plaintiffs have satisfied their burden on their claim for disparate treatment under the ADA. To satisfy that claim, the plaintiffs must first show "evidence that animus against the protected group was *a* significant factor in the position taken by the municipal decision-

makers themselves ....” *City of Middletown,* 294 F.3d at 49 (emphasis in original) (internal quotation marks and citations omitted). Once the plaintiffs make this showing, the burden shifts to the defendants to furnish a legitimate, nondiscriminatory reason for their decision. *Id.* If the defendants provide such reason, then the plaintiffs must show that the defendants intentionally discriminated against them on a prohibited ground. *Id.*

In this case, the plaintiffs established that the defendants, through their Village Code, ban all clinics and substance abuse treatment centers within the Village. In fact, the Village Code expressly prohibits clinics and substance abuse treatment facilities in all business districts of the Village. Village Code art. XIV, § 139–105(F); art. XV, § 139–106(A); art. XVII, § 139–115(A). Also, the Village Code does not allow these facilities to be situated in any residential zones in the Village. *See supra* Part II.B.1. This blanket prohibition is more than mere animosity; it is discrimination on its face. *See MX Group, Inc. v. City of Covington,* 293 F.3d 326, 345 (6th Cir.2002) (“[T]he blanket prohibition of all methadone clinics from the entire city is discriminatory on its face.”). No legitimate, nondiscriminatory reason exists for this decision. As such, the plaintiffs satisfy their burden of proof on the claim for disparate treatment under the ADA. Accordingly, the plaintiffs show a substantial likelihood of success on the merits.

██ Based on the foregoing, the Court adopts Judge Wall's report and recommendation in its entirety and therefore (1) the defendants are preliminarily enjoined from enforcing sections of the Village Code against the HCC to the extent that those sections prohibit clinics and substance abuse treatment centers from all zoning districts in the Village; and (2) the defendants must provide the HCC with a build-ing permit and certificate of occupancy permitting the HCC to establish a clinic and substance abuse treatment center at 340–44 Fulton Avenue in Hempstead, New York subject to other applicable sections of the Village Code not raised in this action.

### D. The Cross–Motion to Dismiss

██ The defendants move to dismiss the complaint for lack of subject matter jurisdiction on the ground that the Village did not discriminate against the plaintiffs. In addition, the defendants request that the Court abstain from deciding the issues in this case before the state court makes its determination in an Article 78 proceeding. Viewing the complaint in the light most favorable to the plaintiffs, the Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331. Finally, there is no authority that requires the plaintiffs in this case to first bring a proceeding in state court before filing an action in federal court based upon federal law and the Constitution of the United States. Accordingly, the motion to dismiss the complaint is denied.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the report and recommendation of Judge Wall is adopted in its entirety and the motion for a preliminary injunction is **GRANTED;** and it is further

**ORDERED,** that (1) the defendants are preliminarily enjoined from enforcing sections of the Village Code against the HCC to the extent that those sections prohibit clinics and substance abuse treatment centers from all zoning districts in the Village; and (2) the defendants must provide the HCC with a building permit and certificate of occupancy permitting the HCC to establish a clinic and substance abuse treatment center at 340–44 Fulton Avenue in Hempstead, New York subject to other applica-

ble sections of the Village Code not raised in this action; and it is further

**ORDERED,** that the motion to dismiss the complaint is **DENIED.**

**SO ORDERED.**

## *REPORT AND RECOMMENDATION*

WALL, United States Magistrate Judge.

Before the Court, on referral from District Judge Spatt, are the Plaintiffs' Motion for a Preliminary Injunction and the Defendants' Cross Motion for Dismissal. A hearing was held on December 11, 2002. The plaintiffs produced a witness, Gladys Serrano; the defendants produced no witnesses. For the reasons set forth on the record at the hearing, the undersigned recommends that the plaintiffs' motion for a preliminary injunction be granted, and the defendants' motion to dismiss be denied.

## BACKGROUND

The plaintiff Hispanic Counseling Center ("HCC") has moved for a preliminary injunction: "1) enjoining the defendants from taking any steps to impede the plaintiff Hispanic Counseling Center in its effort to establish a clinic and a substance abuse treatment center at 340–44 Fulton Avenue, Hempstead, New York and 2) preliminarily enjoining the defendants from enforcing sections of the Village Code against plaintiff Hispanic Counseling Center to the extent that those sections prohibit clinics and substance abuse treatment centers from the business and all other zoning districts in the Incorporated Village of Hempstead, and 3) directing the defendants to provide plaintiff Hispanic Counseling Center with all approvals, if necessary, to establish a clinic and substance abuse treatment center at 340–44 Fulton Avenue, Hempstead, New York."

The plaintiffs claim that the Village of Hempstead zoning code, both on its face and as applied to the plaintiffs, violates the plaintiffs' equal protection and due process rights under 42 U.S.C. § 1983, and is violative of Title II of the Americans with Disabilities Acts and the New York State Human Rights Law.

The facts underlying this motion are set forth at length in the papers submitted by both parties and in the testimony of Ms. Serrano and the argument by Mr. Schoenfeld and Mr. Robinson on the record at the hearing and need not be repeated here.

## DISCUSSION

In making these recommendations, the court has made the following findings. First, the court finds that the plaintiffs have standing to bring this lawsuit (see *Innovative Health Systems, Inc. v. City of White Plains,* 117 F.3d 37, 47 (2d Cir. 1997)), and that the individuals served by the Hispanic Counseling Center are disabled under the Americans with Disabilities Act (see *Regional Economic Community Action Program, Inc. v. City of Middletown,* 294 F.3d 35 (2d Cir.2002)), *cert. denied,* —— U.S. ——, 123 S.Ct. 74, 154 L.Ed.2d 16 (2002).

The plaintiffs have also established that they will suffer irreparable harm if the injunction is not granted, inasmuch as the Village zoning ordinance prohibits the plaintiffs from relocating their facility to any other location in the Village, and their current location is no longer suitable to meet the needs of the plaintiffs' clients, who come from Hempstead and surrounding areas. Moreover, the contract for sale of the property that HCC wishes to purchase is premised on HCC's obtaining "the necessary approvals for its proposed use of the premises." If those "approvals," notably a building permit, are not obtained, the seller will rescind the contract and HCC will lose the opportunity to purchase the property.

The plaintiffs have also met their burden of proof on their likelihood of success. Whether the standard applied to prohibitory injunctions, which requires a showing of a likelihood of success on the merits or sufficiently serious questions going to the merits that make them fair ground for litigation and a balance of hardships tipping in favor of the movant, or the heightened standard for mandatory injunctions, which requires a clear or substantial likelihood of success on the merits, the plaintiffs have met their burden at least as to the Americans with Disabilities Act. The court notes that they have in all likelihood also met this burden as to the other statutory claims, but, because success on the ADA suffices for purposes of the preliminary injunction, the court need not address the other claims.

On their Americans With Disabilities Act claim, the plaintiffs are proceeding under a disparate treatment theory. To prevail on that theory, the plaintiffs must present evidence that "animus against the protected group was a significant factor in the position taken by the municipal decision-makers ..." *Regional Economic Community Action Program*, 294 F.3d 35. The court finds that where, as here, the zoning code at issue includes a blanket, express prohibition against any "hospital, sanitarium, clinic, substance abuse treatment facility and other medical ... counseling ... facility" in all business districts (see Village of Hempstead Zoning Code Article XIV, § 139–105(F)), coupled with the absence of any district in the Village where such facilities can be located, the ordinance is discriminatory on its face, and demonstrates that "animus against the protected group was a significant factor in the position taken by the municipal decision makers." See, e.g., *MX Group, Inc. v. City of Covington*, 293 F.3d 326 (6th Cir.2002) (blanket prohibition in zoning code against methadone clinics in entire city discriminatory on its face).

The plaintiffs have also pointed out that the Village Code, as revised in 2000, includes a blanket prohibition barring community residences for people with mental disabilities from all residential districts of the Village of Hempstead, thus offering further evidence of the animus of the Village toward people with disabilities.

In this regard, the court finds that the defendants' argument that facilities such as the Hispanic Counseling Center can be located in residential B, C or D districts is disingenuous at best. Village Zoning Code Article VII, § 139–72(B) provides that "Hospitals, sanatoriums, clubs or lodges except when conducted as a business, when authorized as a special exception by the Board of Zoning Appeals ..." can be located in residential Districts B, C or D. Relying on this section, the defendants argue that the plaintiff, because it provides health related services, would be considered by the Village to be a hospital and would be granted a special use permit. This argument is not credible.

Although there is no definition of "hospital" in the Code, common sense dictates that, as a practical matter, an outpatient clinic and counseling center is not a hospital, and language used in other sections of the Code reflects this. As noted earlier, the provision barring the plaintiff from relocating to 340–44 Fulton Avenue in the Business B District distinguishes between hospitals and clinics, substance abuse treatment facilities, and other medical counseling facilities, listing each as a separate entity. Rules of statutory construction thus lead to the conclusion that, under the Zoning Code of the Village of Hempstead, these various entities are not the same things, but different. Where different words are used in legislation, such words should not be construed as mere

redundancies, but should be accorded meaning.

Moreover, even if the plaintiffs' clinic were somehow considered to be a hospital, it strains credulity to believe that it would be allowed in a residential district under Village Code section 139–72(B). That section requires that the hospital seeking a special use permit must not operate as a business. While it is not at all clear how the ordinance defines a business, the plaintiffs point out that, under the New York Business Code, 9 NYCRR § 703.2(m), "outpatient clinics, ambulatory, without domiciliary facilities" are classified as businesses, and, arguably, the defendants thus cannot argue as a matter of law that the plaintiff clinic is not a business. And, even if the HCC is not a business, it seems highly unlikely that the Village would grant a special use permit to the HCC, when one reason the Board of Zoning Appeals gave in denying the plaintiffs' variance application was that the "surrounding area was residential." If the clinic's presence in a business district is detrimental because a residential district is nearby, surely the BZA would find its presence *in* a residential district even more detrimental to the area.

The defendants' argument that there is no evidence of the Village's animosity toward mental health facilities or drug and alcohol rehabilitation clinics, and that the fact that the HCC and fifty other such facilities operate in the Village is evidence to the contrary, is also specious. The HCC, and, the court must infer, the other facilities providing similar services, operate at their respective locations as grandfathered, non-conforming uses that were established prior to the changes to the zoning code over the last five years. Thus, the presence of the HCC and other such facilities provides no evidence whatsoever

that the code in its present form is not discriminatory.

Nor did the defendants present credible evidence that there exists a reasonable relation between the end sought to be met by the ordinances at issue, that is, a general zoning scheme to congregate certain activities in certain areas of the Village, and the means used to achieve that end, that is, the blanket prohibition of facilities such as HCC's from the entire Village. Nor did they explain what legitimate governmental purpose is served by such a prohibition.

The court also finds, on the representation of defense counsel, that the defendant Board of Zoning Appeals has the authority to vary a prohibited use.

Based on the evidence before it, the court finds that the plaintiffs have established a clear or substantial likelihood of success on the merits of their ADA claim, and the defendants have failed to provide any evidence of a legitimate, nondiscriminatory reason for their denial of the use variance. Thus, the court recommends that a preliminary injunction be granted, preliminarily enjoining the defendants from enforcing sections of the Hempstead Village Code against plaintiff Hispanic Counseling Center to the extent that those sections prohibit clinics and substance abuse treatment centers from the business and all other zoning districts in the Incorporated Village of Hempstead, and directing the defendants to provide plaintiff HCC with a building permit and certificate of occupancy allowing HCC to establish a clinic and substance abuse treatment center at 340–44 Fulton Avenue, Hempstead, New York, subject to other applicable provisions of the Village's ordinances not raised in this lawsuit, if any.

A copy of this Report and Recommendation has been given in court to both par-

ties. Because of the time constraints of the plaintiffs' contract to purchase the subject property, an expedited objection schedule will be set. *See United States v. Barney,* 568 F.2d 134, 136 (9th Cir.1978) (ten day period in which to object is a maximum, not a minimum, and court may require a response within a shorter period if "exigencies of the calendar" require). Any objections to this Report and Recommendation must be filed by the defendants with the Clerk of the Court, with a courtesy copy to the undersigned, by close of business on December 16, 2002. A copy of the objections must be delivered or faxed to the plaintiff by that date, as well. The plaintiffs must file their reply objections by close of business on December 19, 2002, and must deliver or fax such reply papers to the defendants on that date. If the defendants choose not to file objections, they shall notify the court and the plaintiffs in writing as soon as that decision is made.

Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir.1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

December 11, 2002.